UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ROBERT LOGOZZO

                                          CASE NO.:   0:25-cv-60501

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____

## **COMPLAINT**

Plaintiff, Robert Logozzo, sues Defendant, the United States of America, for damages arising from the personal injuries sustained by the Plaintiff on June 14, 2022, at South Florida Ocean Measurement Facility as a result of the negligence of Department of the Navy employees and states:

1. This is an action arising under the Federal Tort Claims Act, 28 U.S.C. § 2671-2680. This Court is vested with jurisdiction pursuant to Section 1346(b)(1), Title 28 of the United States Code.

2. Plaintiff is a citizen and a resident of Sunrise, Broward County, Florida, and the cause of action on which this action is based arose in that county. Thus, venue is properly laid in this court.

3. Defendant, The United States of America, is a sovereign nation and exists under the Constitution and the laws enacted by the United States

Congress. The Department of the Navy ("Navy") is, and at all times relevant to this lawsuit was, a branch of the United States Armed Forces with employees located at the South Florida Ocean Measurement Facility at 91 N. Beach Road, Dania, Florida where the Plaintiff's injuries occurred.

4. Plaintiff Robert Logozzo has complied with all conditions precedent to the filing of this action, including all pre-suit requirements under the FTCA. Specifically, on May 2, 2024, in conformity with 28 U.S.C, § 2675, Plaintiff Robert Logozzo submitted written notice of his claim to the Navy for personal injuries. Under the FTCA, the filing of this suit is proper, as the Navy has not denied his claim and six months have elapsed since he submitted his claim and supporting documentation to the Defendant.

5. Pursuant to the FTCA, the whole law of the State of Florida, including Florida's choice of law rules, applies to all issues in the case.

6. This Court has Subject Matter and Personal Jurisdiction over the Defendant pursuant to the Federal Tort Claims Act, because the United States is the proper defendant in this action and, at all times relevant to this action, employees of the Department of the Navy were acting in their official capacity, in their performance of non-discretionary duties and under the authority of Defendant United States of America.

7. Pursuant to the FTCA, and Florida law, Defendant is liable for damages arising from this accident because an employee of the Navy, while

2

acting within the course and scope of his employment with the United States, was negligent in maintaining a safe work environment, violated safety rules, negligently energized a power line while the Plaintiff was working on it, and allowed a high voltage electrical current to enter an area where Plaintiff was working which subsequently shocked and electrocuted him, causing severe personal injuries and damages.

## Factual Allegations

8. On June 14, 2022, Plaintiff was an employee of Oasis Systems, LLC performing engineering work at the South Florida Ocean Measurement Facility.

9. Plaintiff informed Christopher Tilley, an employee of the Navy, of his intention to work in an area that would be unsafe if an electric current was allowed to flow to the area.

10. Mr. Tilley advised that he understood and appreciated the risks involved with electric current flowing into the area and assured Plaintiff that the electricity would remain off while he was working.

11. Plaintiff announced that he was beginning his work and confirmed that the electricity was secured off and the line was not energized.

12. Despite Mr. Tilley acknowledging the importance of securing power so that no electricity flow into the area, he subsequently allowed an electric current to enter the workspace, shocking the Plaintiff with high

voltage electricity and causing him severe personal injuries and damages.

## Count I

Plaintiff hereby re-alleges and incorporates by reference the allegations in paragraphs 1-12.

13. Defendant had a nondelegable, nondiscretionary duty to maintain a safe workplace at the South Florida Ocean Measurement Facility. This duty was owed by the Defendant to all persons who accessed the facility and invitees, including Plaintiff, who had a reasonable expectation that the premises was secure from reasonably foreseeable risks of harm.

14. The Defendant had a duty to properly hire and train its employees so that they would be qualified to implement, perform and complete the duties and obligations required to maintain the facility in a reasonably safe manner.

15. The Defendant had an obligation to have such policies, procedures, and guidelines in force to maintain a reasonably safe premises for those individuals, including the Plaintiff, who come onto the premises to perform services at the request of the United State of America.

16. The Defendant had a duty to maintain a safe workplace, to protect contractors and employees from being harmed while performing their duties, to not take any action that could harm or injure contractors and employees, to avoid putting contractors and employees in a situation where they were likely to be harmed, to take precautions to protect contractors and employees from

4

harm, to take precautions to protect contractors and employees from being placed in a situation where they would be exposed to an unreasonable risk of harm, to identify hazards and potential hazards to contractors and employees, and to take steps to resolve those hazards and potential hazards so as to avoid harm or injury to contractors and employees.

17. Despite the duties and obligations owed to the Plaintiff by Defendant and its employee, Christopher Tilley, the Defendant and Christopher Tilley were negligent by:

a. Failing to comply with policies and procedures in effect to maintain a safe workplace and avoid harm or injury to contractors and employees;

b. Failing to prevent an electrical current from entering the area where Plaintiff was working despite having received clear and specific notice of his presence and the danger of energizing a component he was working on;

c. Failing to maintain a safe workplace;

d. Failing to protect contractors and employees from being harmed while performing their duties;

e. Taking actions that could harm or injure contractors and employees;

f. Failing to avoid putting contractors and employees in a situation where they were likely to be harmed;

 g. Failing to take precautions to protect contractors and employees from harm;

 h. Failing to take precautions to protect contractors and employees from being placed in a situation where they would be exposed to an unreasonable risk of harm;

 i. Failing to identify hazards and potential hazards to contractors and employees;

 j. Failing to take steps to resolve those hazards and potential hazards so as to avoid harm or injury to contractors and employees;

 k. Failing to provide Plaintiff with a safe work environment;

 l. Energizing a system with high voltage electricity that Plaintiff was working on at the time, contrary to safety guidelines and protocols;

 m. Failing to ensure the cabling was clear before energizing the circuit with high voltage electricity;

 n. Negligently disregarding the Plaintiff's advisement and warning that he was working on the cabling and components before turning power on to those same locations; and

 o. For any other negligence that is discovered through discovery in this case as litigation proceeds.

18. As a direct and proximate result of the aforementioned negligence, Plaintiff Robert Logozzo suffered electrocution and severe

electrical shock resulting in serious permanent bodily injury and resulting pain and suffering in the past and in the future including, but not limited to, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, inconvenience, loss of income in the past, loss of ability to earn income in the future, expenses related to his injuries and inability to support himself, expense of medical treatment in the past, and the need for medical treatment in the future. Plaintiff Robert Logozzo's losses are permanent, and Mr. Logozzo will continue to suffer losses in the future.

WHEREFORE, Plaintiff, Robert Logozzo, demands judgment against Defendant for the damages outlined above, the costs incurred in the prosecution of this action, any legal fees he is entitled to by law, and any other relief the court deems just and proper under the circumstances.

DATED this 14th day of March 2025

**SPOHRER & DODD, P.L.**

*/s/ Keith L. Maynard, Esquire*
KEITH L. MAYNARD, ESQUIRE
Florida Bar No.: 36214
76 S. Laura St., Suite 1701
Jacksonville, Florida 32202
Telephone: (904) 309-6500
Facsimile: (904) 309-6501
Email: kmaynard@sdlitigation.com
           swentz@sdlitigation.com
*Attorney for Plaintiff*